## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KRISTEN RZASA, for herself and other similarly situated employees,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.:** |
| | : | |
| **v.** | : | |
| | : | **FEBRUARY 3, 2023** |
| **BJ'S RESTAURANTS, INC., and BJ'S RESTAURANT OPERATIONS COMPANY.** | : | |
| | : | |
| **Defendants.** | : | |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants BJ's Restaurants, Inc., and BJ's Restaurant Operations Company ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. § 1332, 1441, and 1446 and remove this action from the State of Connecticut Superior Court, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendants state:

1.      By Summons and Complaint, Plaintiff Kristen Rzasa, ("Plaintiff") commenced a civil action, on her own behalf and behalf of similarly situated employees, against Defendants in Connecticut Superior Court titled *Kristin Rzasa, for herself and other similarly situated employees, v. BJ's Restaurants, Inc., and BJ's Restaurant Operations Company,* Docket No. HHD-CV23-6164483-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendants is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within 30 days of the date Defendants were served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      To satisfy diversity of citizenship between Plaintiff and Defendants as required by 28 U.S.C. § 1332, only one plaintiff or proposed class member needs to be a citizen of a State different from Defendant.  The Summons and Complaint state that Plaintiff is a resident of Middletown, Connecticut, and is therefore, a citizen of the State of Connecticut.

5.      The Summons and Complaint further state the Defendants are foreign corporations organized under the laws of the State of California and with headquarters in Huntington Beach, California.

6.      The amount in controversy in this case exceeds $75,000, exclusive of interest and cost, as the Complaint purports to seek relief on behalf of a putative class, for alleged tip credit violations.

7.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

8.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of New Britain at New Britain.  28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this matter be removed to the United States District Court for the District of Connecticut.

Respectfully submitted,

/s/ *Elizabeth McKenna*
Elizabeth McKenna (ct28113)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street; Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
| --- |

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
| --- | --- | --- |
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 756 – 7020 | January 31, 2023 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
| ☐ Housing Session | Number: | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
| --- | --- |
| Hayber, McKenna & Dinsmore, LLC, 750 Main Street, Suite 904, Hartford, CT 06103 | 426871 |

| Telephone number | Signature of plaintiff (if self-represented) |
| --- | --- |
| ( 860 ) 522 – 8888 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) rhayber@hayberlawfirm.com |
| --- | --- |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
| --- | --- | --- |
| **First plaintiff** | Name: **RZASA, KRISTEN**<br>Address: **46 Dorothy Drive, Middletown, Connecticut 06457** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **BJ'S Restaurants, Inc.**<br>Address: **Agent for Service: Corporation Service Company, 225 Asylum St., 20th Fl., Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name: **BJ's Restaurant Operations Company**<br>Address: **Agent for Service: Corporation Service Company, 225 Asylum St., 20th Fl., Hartford, CT 06103** | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
| --- | --- | --- | --- |
| 1/5/2023 | | ☐ Clerk | Richard E. Hayber |

| If this summons is signed by a Clerk: | For Court Use Only |
| --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date<br>A TRUE COPY<br>Attest<br>PETER J. PRIVITERA<br>CT STATE MARSHAL<br>HARTFORD COUNTY |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
| --- | --- | --- | --- |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

    *Do not use this summons for the following actions:*

    (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
    (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
    (c) *Applications for change of name*
    (d) *Probate appeals*

    (e) *Administrative appeals*
    (f) *Proceedings pertaining to arbitration*
    (g) *Summary Process (Eviction) actions*
    (h) *Entry and Detainer proceedings*
    (i) *Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 80 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

## STATE OF CONNECTICUT
## SUPERIOR COURT

| | | |
|---|---|---|
| **RETURN DATE:** **January 31, 2023** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **KRISTEN RZASA, for herself and** | : | **HARTFORD** |
| **other similarly situated employees** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **AT HARTFORD** |
| | : | |
| | : | |
| | : | |
| **BJ"s RESTAURANTS, INC., and** | : | |
| **BJ'S RESTAURANT OPERATIONS** | : | |
| **COMPANY** | : | |
| **Defendants** | : | **January 5, 2023** |

## <u>CLASS ACTION COMPLAINT</u>

1.     Prior to September 24, 2020, restaurants in Connecticut were required to pay their servers

and bartenders the full minimum wage for all hours worked in a shift unless they followed three

important rules.  They were required to (a) record the amount claimed as credit as a separate item

in the wage record on a weekly basis, (b) obtain signed weekly tip statements confirming that

they've received sufficient tips to cover the tip credit, and (c) limit their work to service and

closely related duties,  Conn. Agencies Reg. Sections 31-62-E3, E4.  If restaurants failed to obey

any one of these rules, then they were not entitled to take the tip credit.  If they illegally took the

tip credit then they are liable to their servers and bartenders in a civil action for back pay and

penalty damages and attorney's fees.  C.G.S. Section 31-68.

2.     Here, Defendants who owns and operates a BJ's Restaurant Brewhouse in Manchester,

Connecticut,  failed to record the amount claimed as credit and failed to obtain signed weekly tip

statements from their Connecticut servers and bartenders, including Plaintiff, during the period

of the claim. Defendants also regularly assigned a non *de minimis* amount of non-service work –

aka "side work" - to their Connecticut servers and bartenders, including Plaintiff, but did not

segregate that time and pay it at the full minimum wage.

3.      Accordingly, Defendants should have paid Plaintiff and all Connecticut servers and

bartenders the full minimum wage for all of their server and bartender hours. By these illegal

practices, Defendants underpaid Plaintiff and all Connecticut servers and bartenders by hundreds

of thousands of dollars during the period of the claim. Accordingly, Defendants is liable to

Plaintiff and the class of Connecticut servers and bartenders for all of their back pay, interest,

penalty damages, attorneys' fees and costs.

**I.      The Parties.**

4.      Plaintiff, Kristen Rzasa, is an individual presently residing in Middletown, Connecticut.

Rzasa worked for Defendants as a server at its Manchester, Connecticut restaurant from July

2019 throughgh October 2019.

5.      Defendant, BJ's Restaurants, Inc. is a corporation organized and existing under the laws

of the State of California. It was founded in 1978, has its headquarters in Huntington Beach,

California and owns and operates BJ's Restaurant and Brewhouse restaurants around the country

including one in Manchester, Connecticut.

6.      Defendant, BJ's Restaurant Operationns Company is a corporation organized and

existing under the laws of the State of California. It was founded in 1978, has its headquarters in

Huntington Beach, California and owns and operates BJ's Restaurant and Brewhouse restaurants

around the country including one in Manchester, Connecticut.

7.      Defendants BJ's Restaurnt Inc. and BJ's Restaurant Operations Company operates as a single intergrated enterprise in relations to its Connecticut employees and were the joint employers of Plaintiff and the class as defined herein.

**II.     The Law.**

8.      Regs., Conn. State Agencies Section 31-62-E1 ***orders*** restaurants to pay their employees the full minimum wage unless that employee is a service employee "employed under [the] wage order[.]"

9.      Section 31-62-E2(c) defined "service employees" during the period of the claim as: "any employee whose duties relate solely to the serving of food and/or beverage to patrons seated at tables or booths, and to the performance of duties incidental to such service, and who customarily receives gratuities. For the purpose of this order, a person ***shall not*** be considered to customarily receive gratuities ***unless*** a minimum of $10.00 per week in gratuities is received in the case of full- time employees, or $2.00  per day in the case of parttime employees, ***as evidenced by signed statements of the employee, stating unequivocally that such worker did receive gratuities as herein required***, which must be maintained as part of the records of the employer." (emphasis added).

10.     Prior to September 24, 2020, Regs., Conn. State Agencies Sec.31-62-E3(b) stated that "[t]he amount received in gratuities claimed as credit for part of the minimum fair wage must be recorded on a weekly basis as a separate item in the wage record even though payment is made more frequently, …"

11.     Prior to September 24, 2020, Regs., Conn. State Agencies Sec.31-62-E3 (c) stated that "[e]ach employer claiming credit for gratuities as part of the minimum fair wage paid to any employee shall obtain weekly a statement signed by the employee attesting that he has received

in gratuities the amount claimed as a credit for part of the minimum fair wage. Such statement shall contain the week ending date of the payroll week for which credit is claimed.

12.      Prior to September 23, 2020, Regs., Conn. State Agencies Sec.31-62-E4 stated that "[i]f an employee perform[ed] both service and non-service duties and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum fair wage."

13.      "If any employee is paid by his or her employer less than the minimum fair wage or overtime wage to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order he or she shall recover, in a civil action, (1) twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of such wages was in compliance with the law, the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-68.

**III.      Period of the claim.**

14.      On March 19, 2020, Governor Ned Lamont issued Executive Order No. 7G in response to the COVID-19 Pandemic. In Executive Order No. 7G, Section 2, Governor Lamont "***suspend[ed]*** … all statutory … statutes of limitations" until further notice. (emphasis added). Executive Order No. 7G "tolled" all statute of limitations. *Capua v. Hill*, 2021 WL 4906017 (Conn. Super. Ct. Sept. 24, 2021) (Sicilian, J) (holding that Executive Order No. 7G tolled the applicable statute of limitations).

-4-

15.     Governor Lamont issued several subsequent Executive Orders which continued the

tolling period through June 30, 2021. Executive Order 9L, Sec. 1; Executive Order No. 10A, Sec.

5, Executive Order No. 11E, Sec. 1, Executive Order No. 12B, Sec. 3 (tolling the statute of

limitations through June 30, 2021, or for a total of one year and 103 days)

16.     The claims in this case are subject to tolling from Governor Lamont's Executive Orders.

17.     Accordingly, the period of claims in this case 3 years1 and 103 days prior to the date

hereof, or from August 14, 2019 through September 23, 2020.

**IV.     FACTS**

18.     During the period of the claim, Defendants maintained a common practice its

Manchester, Connecticut restaurant to take the full tip credit against the wages of all of their

servers and bartenders for every hour they work.  Accordingly, during the period of the claim,

Defendants paid their servers $6.38 per hour, and their bartenders $8.23 per hour rather than the

full minimum wage.

19.     Defendants did not follow Connecticut's regulations before taking the tip credit.  First, it

did not record the amount claimed as credit on a weekly basis as a separate item in the wage

record in accordance with Conn. State Agencies Regs. 31-62-E3(b).

20.     Further, Defendants did not obtain weekly statements signed by its servers and bartenders

attesting that they had received in gratuities the amount claimed as credit for part of the

minimum fair wage, containing the week ending date for the payroll week for which credit was

claimed in accordance with Conn. State Agencies Regs. 31-62-E3(c).

21.     Finally, Defendants assigned Plaintiff and all other servers at all their Connecticut

restaurants both "service duties" and "non-service" duties during every shift that they worked.

---

1 The normal statute of limitations for wage claims is 2 years.  Adding one year and 103 days results in a tolling in
this matter of 3 years and 103 days.

Their non-service duties included, but were not limited to, setting up before the restaurant is opened to the public, and "side work" that they were required to do during their shifts and after they had been cut from their shifts.

22.     This side-work included, but was not limited to, general cleaning and stocking duties, which occurred away from the tables or booths, and which took approximately 30-60 minutes each shift to perform.  This work included cleaning, maintaining and restocking such general areas of the restaurant as the ice station, coffee station, soda station, point of sale stations, ice cream station, Pizookie station, soup station, and mini-cooler.  Plaintiff and the server class also was required to restock cleaned dishes to the line and roll over 75 silverware roll ups.

23.     The side work tasks described above were performed for the restaurant generally and were not specific to the server's own customers.

24.     Defendant did not segregate the time that Plaintiff and their other servers performed "non-service" and "service" duties in the wage records. Furthermore, Defendants did not pay Plaintiff and the server class the full minimum wage for the time that they spent performing 'non-service work' as required by law.

25.     Defendants paid all of its servers and bartenders during the period of the claim in precisely the same way, thereby underpaying them each pay period in violation of the law.

26.     Defendants' conduct in failing to pay Plaintiff and all of their servers the full fair minimum wage for each shift in which they performed both "service" and "non-service" duties, was a violation of Connecticut's "tip credit" laws. Conn. State Agencies Sec. 31-62-E4, and Conn. Gen. Stat. Sec. 31-60. *Stevens v. Vito's by the Water, LLC,* 2017 Conn. Super. LEXIS 4845; *Martin v. UCC, et al,* 2019 Conn. Super. LEXIS 3452

27.     Defendant's violation of Connecticut's tip credit law, as set forth above, entitles Plaintiff

and all of its servers and bartenders to payment for all hours worked as a "server" and

"bartender" at "twice the full amount of such minimum wage less any amount actually paid to …

[him] by the employer, with costs and such reasonable attorney's fees as may be allowed by the

court." Conn. Gen. Stat. Sec. 31-68.

## VI.     CLASS ALLEGATIONS

28.     *The "E3" Class:* Plaintiff bring this action for herself and on behalf of: *All current and*

*former servers and bartenders at Defendants' Manchester, Connecticut"BJ's Restaurant*

*and Brewhouse" restaurant who worked between August 14, 2019 and September 23,*

*2020.*

29.     *The Server "E4" Class:* Plaintiff brings this action for herself and on behalf of: *All of*

*Defendants servers at Defendants' Manchester, Connecticut "BJ's Restaurant and*

*Brewhouse" who worked between August 14, 2019 and September 23, 2020.*

30.     Certification of the claims of the E3 and E4 classes described above is appropriate under

Connecticut Practice Book Sections 9-7 and 9-8 because all of the requirements of those

Rules are met:

9-7(1). The classes are so numerous that joinder of all members is impractical.  While the
exact number and identities of class members are unknown at this time, and can
only be ascertained through appropriate discovery, the named Plaintiff is
informed and believes that over 40 putative class members, if not more, worked
for the Defendants without receiving appropriate pay under Connecticut law.

9-7(2). There are questions of law and fact common to the class, especially, the questions
of whether Defendants failed to record the amount claimed as credit in the wage
record as required by Connecticut law, whether they failed to obtain weekly
signed tip statements, and whether Defendants assigned non-service work to their
servers and failed to pay them the full minimum wage.

9-7(3). The named Plaintiff's claims are typical of those of the class members. The
named Plaintiff's claims encompass the challenged practices and course of

conduct of the Defendants. Furthermore, the named Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to whether Defendants violated the CMWA and the applicable regulations of the State of Connecticut Department of Labor by such conduct apply equally to the named Plaintiff and to the class.

9-7(4).  The named Plaintiff will fairly and adequately protect the interests of the class. The named Plaintiff's claims are not antagonistic to those of the putative class, and she has hired counsel skilled in the prosecution of class actions.

9-8.  Common questions of law and fact predominate over questions affecting only individuals. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. While the individual compensatory damage suffered by each class member is not insignificant, it is not substantial enough to justify the expense and burden of individual litigation.  To conduct this action as a class action under Practice Book Sections 9-7 and 9-8 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

31.  In addition, as to the claims under Count Two regarding violations of Regs., Conn. State

Agencies Section 31-62-E4, all members of the class performed nonservice duties while

employed by Defendants, for more than a *de minimis* amount of time, that were not

incidental to service duties and were not properly compensated by the Defendants for

some portion of their nonservice duties.

**COUNT ONE:**  *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.: Failure to Record the "amount claimed as credit" in the wage record and in Accordance with Regs., Conn. State Agencies Sec. 31-62-E3(b) and (c).*

32.  Defendants' conduct in failing to record the amount claimed as credit in the wage record

for Plaintiff and other Connecticut servers and bartenders confirming they received

sufficient tips to satisfy the tip credit Defendants took each week violates Regs., Conn.

State Agencies Sec. 31-62-E3(b) and the CMWA.

33.  Defendants' conduct in failing to obtain tip statements on a weekly basis from Plaintiff

and other Connecticut servers and bartenders confirming they received sufficient tips to

satisfy the tip credit Defendants took each week violates Regs., Conn. State Agencies Sec. 31-62-E3(c) and the CMWA.

34.      Defendants' violation of Regs., Conn. State Agencies Sec. 31-62-E3(b) and / or (c) and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut servers and bartenders in the class, to payment for all hours worked at "twice the full amount of such minimum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT TWO: *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et. seq.: Failure to "Segregate" "Service" and "Non-Service" Duties in Accordance with Regs., Conn. State Agencies Sec. 31-62-E4.***

35.      Defendants' conduct in assigning non-service duties to Plaintiff and the other Connecticut servers for more than a *de minimis* amount of time each shift, and in failing to segregate their non-service work from their service work, required Defendants to pay Plaintiff and other Connecticut servers and bartenders the full fair minimum wage for every hour worked. Defendants' failure to pay their servers the full minimum wage under these circumstances was a violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA.

36.      Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut servers in the class, to payment for all hours worked at "twice the full amount of such minimum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1.    Certification of both the E3 and E4 classes pursuant to Connecticut Practice Book

      Section 9-7 and 9-8 and C.G.S. Sec. 31-68(a)(3);

2.    Designation of Plaintiff as class representatives and Plaintiff's counsel as class counsel;

3.    Damages in the amount of unpaid wages and penalty damages calculated at "twice the

      full amount of such minimum wage less any amount actually paid [] by the employer."

      C.G.S. Sec. 31-68.

4.    Interest pursuant to C.G.S. Sec. 37-3a;

5.    Reasonable attorney's fees and costs as may be allowed by the court. C.G.S. Sec. 31-68;

6.    Such other relief as in law or equity may pertain.

                    PLAINTIFF, KRISTEN RZASA, for herself and
                    other similarly situated employees

            By:     _____
                    Richard E. Hayber
                    Hayber, McKenna & Dinsmore, LLC
                    750 Main Street, Suite 904
                    Hartford, CT 06103
                    Juris No. 426871
                    Tel: (860) 522-8888
                    Fax: (860) 218-9555
                    rhayber@hayberlawfirm.com

                    A TRUE COPY
                    PETER J. PRIVITERA
                    CT STATE MARSHAL
                    HARTFORD COUNTY

-11-

### STATE OF CONNECTICUT
### SUPERIOR COURT

| | | |
|---|---|---|
| **RETURN DATE:** **January 31, 2023** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **KRISTEN RZASA, for herself and** | : | **HARTFORD** |
| **other similarly situated employees** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **AT HARTFORD** |
| | : | |
| | : | |
| | : | |
| **BJ"s RESTAURANTS, INC., and** | : | |
| **BJ'S RESTAURANT OPERATIONS** | : | |
| **COMPANY** | : | |
| **Defendants** | : | **January 5, 2023** |

### STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiff claims a cause of action seeking damages of not less than

$15,000, exclusive of interest and costs, which cause is within the jurisdiction of the Superior

Court.

**PLAINTIFF, KRISTEN RZASA, for herself and
other similarly situated employees**

By: _____

Richard E. Hayber Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Juris No. 426871
Tel: (860) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com

Attest:
A TRUE COPY

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

-12-

# EXHIBIT B

| DOCKET NO: HHD-CV23-6164483-S | : | SUPERIOR COURT |
| KRISTEN RZASA, for herself and other similarly situated employees, | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| Plaintiff, | : | |
| v. | : | |
| | : | FEBRUARY 3, 2023 |
| BJ'S RESTAURANTS, INC., and BJ'S RESTAURANT OPERATIONS COMPANY. | : | |
| Defendants. | : | |

## NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants BJ's Restaurants, Inc., and BJ's Restaurant Operations Company today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut.  A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Elizabeth McKenna
Elizabeth McKenna
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street; Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd of January, 2023, a copy of the foregoing was sent via

email to all counsel and pro se parties of record as follows:

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
rhayber@hayberlawfirm.com


/s/ *Elizabeth McKenna*
Elizabeth McKenna

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KRISTEN RZASA, for herself and other similarly situated employees,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.:** |
| | : | |
| **v.** | : | |
| | : | |
| **BJ'S RESTAURANTS, INC., and BJ'S RESTAURANT OPERATIONS COMPANY.** | : | **FEBRUARY 3, 2023** |
| | : | |
| **Defendants.** | : | |

<u>**NOTICE OF REMOVAL**</u>

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants BJ's Restaurants, Inc., and BJ's Restaurant Operations Company ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. § 1332, 1441, and 1446 and remove this action from the State of Connecticut Superior Court, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendants state:

1.      By Summons and Complaint, Plaintiff Kristen Rzasa, ("Plaintiff") commenced a civil action, on her own behalf and behalf of similarly situated employees, against Defendants in Connecticut Superior Court titled *Kristin Rzasa, for herself and other similarly situated employees, v. BJ's Restaurants, Inc., and BJ's Restaurant Operations Company,* Docket No. HHD-CV23-6164483-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendants is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within 30 days of the date Defendants were served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      To satisfy diversity of citizenship between Plaintiff and Defendants as required by 28 U.S.C. § 1332, only one plaintiff or proposed class member needs to be a citizen of a State different from Defendant.  The Summons and Complaint state that Plaintiff is a resident of Middletown, Connecticut, and is therefore, a citizen of the State of Connecticut.

5.      The Summons and Complaint further state the Defendants are foreign corporations organized under the laws of the State of California and with headquarters in Huntington Beach, California.

6.      The amount in controversy in this case exceeds $75,000, exclusive of interest and cost, as the Complaint purports to seek relief on behalf of a putative class, for alleged tip credit violations.

7.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

8.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of New Britain at New Britain.  28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this matter be removed to the United States District Court for the District of Connecticut.

Respectfully submitted,

/s/ *Elizabeth McKenna*
Elizabeth McKenna (ct28113)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street; Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com

3.

## **CERTIFICATION**

I hereby certify that on this 3rd of February, 2023, a copy of the foregoing was sent via

email to all counsel and pro se parties of record as follows:

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
rhayber@hayberlawfirm.com


                                        /s/ *Elizabeth McKenna*
                                        Elizabeth McKenna

State of Connecticut Judicial Branch
## Superior Court E-Filing

**Attorney/Firm:** LITTLER MENDELSON P.C. (426891)                    **E-Mail:** MNATALE@LITTLER.COM    Logout

**Hide Instructions**                              **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

Print This Page

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | HHD-CV-23-6164483-S |
| **Case Name:** | RZASA, KRISTEN v. BJ'S RESTAURANT, INC. Et Al |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Feb-3-2023 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 102.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, February 3, 2023 11:42:13 AM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu          Return to Case Detail

Copyright © 2023, State of Connecticut Judicial Branch

## <u>CERTIFICATION</u>

I hereby certify that on this  3rd of February, 2023, a copy of the foregoing was sent via

email to all counsel and pro se parties of record as follows:

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
rhayber@hayberlawfirm.com


                                        /s/ *Elizabeth McKenna*
                                        Elizabeth McKenna

4.