UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTEN RZASA, for herself and other similarly situated employees,<br><br>*Plaintiff*,<br><br>v.<br><br>BJ'S RESTAURANTS, INC., and BJ'S RESTAURANT OPERATION COMPANY<br><br>*Defendants*. | Civil No. 3:23-cv-0140 (JBA)<br><br>June 7, 2023 |

**ORDER GRANTING WITH MODIFICATION PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES**

Plaintiff Kristen Rzasa, on behalf of herself and other similarly situated employees, moves to remand this case to Connecticut Superior Court [Doc. # 11] because Defendants BJ's Restaurants, Inc., and BJ's Restaurant Operation Company have failed to establish the requisite amount in controversy to support diversity jurisdiction. Plaintiff also moves for an award of attorney's fees based on the improper removal, arguing that Defendants lacked an objectively reasonable basis for seeking removal under well-settled law and lacked factual basis for the removal. (Pl's. Mem. [Doc. # 12] at 5-6.) Defendants claim that there is a plausible basis for their allegation that the amount in controversy is more than $75,000 and that even if the Court disagrees, their belief was objectively reasonable. (Defs.' Mem. in Opp'n [Doc. # 16].) For the reasons set forth below, the motion is GRANTED.

**I.   Background**

The underlying allegation in this case is that Defendants improperly took the tip credit against the wages of Plaintiff and all other servers and bartenders for every hour worked, violating Connecticut law by failing to record the amount claimed as a separate item in the wage record, failing to obtain signed weekly statements from their servers and

bartenders, and assigning Plaintiff and other class members to non-service side work without segregating the two types of work. (Notice of Removal Exh. A, [Doc. # 1], Compl. ¶ 1.) The state court complaint alleges that from August 14, 2019 to September 23, 2020, servers were improperly paid $6.38 per hour and $8.23 per hour for bartenders rather than the minimum wage, which was $10.10 per hour in Connecticut at the time. (*Id.* ¶¶ 17, 19; Second Declaration of Attorney Richard E. Hayber ¶ 5.) It also alleges that Plaintiff Rsaza worked for Defendant as a server from July 2019 to October 2019. (*Id.* ¶ 3.)

Defendants filed a notice of removal on February 3, 2023, stating that "upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" as the Complaint purports to seek relief on behalf of a putative class "for alleged tip credit violations." (Notice of Removal [Doc. # 1] ¶ 6.) Plaintiff's counsel reached out to Defendant on February 3, 2023, to inform Defendant's counsel that the amount in controversy must be satisfied as to the individual, rather than aggregated from the total class members, and requested that Defendants consent to remand. Upon receiving no response, three weeks later, Plaintiff moved to remand. (*See* Pl.'s Reply, Exhibits 1-5 [Doc. # 17-2].)

**I.     Legal Standard**

When a case is originally brought in state court, a party may remove "any civil action . . . of which the district courts of the United States have original jurisdiction" except "as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441. The diversity statute confers federal court jurisdiction "where the matter in controversy exceeds the sum or value of $ 75,000." 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but "when plaintiff contests, or the court questions, the defendant's allegation," then the defendant must submit "[e]vidence establishing" the amount in controversy "by a

preponderance of the evidence." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).[1] *Dart* thus confirms that when a motion to remand is brought, "[t]he party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied." *D.B. Structured Prod., Inc. v. Savvidis*, No. 3:21-CV-388 (VAB), 2022 WL 73486, at *1 (D. Conn. Jan. 7, 2022). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." *Hill v. Delta Int'l Machinery Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y.2005).

An order remanding the case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A removal motion is "objectively unreasonable" when it seeks to remove on a basis contravened by "well established" law. *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). "The simplicity of the removal procedure can subject a plaintiff to unnecessary expense and harassment, and therefore a court may [also] award attorney's fees if it finds a defendant has removed a case to federal court for such improper reasons." *Ins. Co. of State of Pa. v. Waterfield*, 371 F. Supp. 2d 146, 151 (D. Conn. 2005). While bad faith is relevant to the Court's exercise of its discretion, it is not required to award costs and attorney's fees; the test instead focuses on "overall fairness given the nature of the case, the circumstances of remand and the effect on the parties." *Morgan Guaranty Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992).

**II.     Discussion**

---

[1] Unless otherwise indicated, internal citations, quotation marks, and other alterations are omitted throughout in text quoted from court decisions.

3

### A.     Jurisdiction

Defendants argue that they "reasonably believe" Plaintiff's individual damages exceed the jurisdictional threshold because although the state court complaint is "notably silent regarding Plaintiff's individual damages," the complaint also alleges that Defendants owe "hundreds of thousands of dollars" of unpaid wages to Plaintiff and other putative class members during the class period. (Defs.' Mem. at 2, 6.) Because Plaintiff seeks penalty damages of twice the unpaid amount of wages alleged, and Plaintiff's counsel refused to stipulate that any attorney fee award would be less than $75,000 even if the complaint ultimately proceeded as a single plaintiff matter, Defendants contend that they asserted a "plausible allegation that the amount in controversy was at least the jurisdictional minimum." (*Id.*)

In assessing whether "the matter in controversy exceeds the sum or value of $75,000," "[t]he claims of multiple plaintiffs cannot be aggregated to satisfy [the] requirement." *Pinto v. Bank One Corp.,* No. 02 CIV.8477 NRB, 2003 WL 21297300, at *2 (S.D.N.Y. June 4, 2003). Defendants' counsel argues somewhat disingenuously that their notice of removal does not mention aggregation. *Compare* (Defs.' Mem. at 2) *with* (Notice of Removal ¶ 6)("[t]he amount in controversy in this case exceeds $75,000, exclusive of interest and cost, *as the Complaint purports to seek relief on behalf of a putative class . . .*") (emphasis added.) Instead, Defendants base their estimated calculation of damages for Plaintiff exceeding $75,000 on four things: the fact that Plaintiffs cumulatively seek "hundreds of thousands of dollars" with a penalty for twice the amount; the amount of the difference between the tip credit wage and Connecticut minimum wage Plaintiff was allegedly deprived of "over the span of four months in 2019", the 10% annual interest on the sum of Plaintiff's alleged unpaid wages for the 3.5 years predating the complaint, and her allegation that Plaintiff will seek "attorney's fees and costs." Plaintiff seeks to hold Defendants to account

4

for failing to offer affidavits or payroll records which, as her former employer, Defendants have in their possession. (Pl.'s Reply at 1.) Plaintiff's counsel calculates that the maximum that a server who worked 280 hours, or 40 hours a week for each week of the four months could earn would have been $3,869.60, (Second Declaration of Attorney Richard E. Hayber ¶ 8), which even if doubled and augmented by 10% interest for 3.5 years would be nowhere near $75,000, even including an award of reasonable fees and costs in this straightforward wage calculation case. (*See* Pl.'s Reply at 5.)

Thus, Plaintiff's counsel's declaration in reply demonstrates that the amount in controversy cannot exceed $ 75,000, and the Court lacks subject matter jurisdiction. The motion to remand is granted. The remainder of this opinion addresses whether Defendants' initial removal motion had an "objectively reasonable basis" or whether an award of fees is warranted.

### B.   Attorney's Fees

In Defendants' view, their removal had an "objectively reasonable basis" because "the amount of damages Plaintiff conceivably sought was ambiguous, at best," since she did not state a specific amount of damages that she sought as an individual. (Defs.' Mem. at 11-12.) Defendants further argue that they have not "delayed the litigation, misled the court, or contradicted Plaintiff's allegations," making an award of fees unwarranted. (Defs.' Mem. at 13.) However, Defendants' conclusory claim that they "reasonably believe[d]" that Plaintiff's individual damages could exceed $75,000 based on the allegations in the complaint lacks an objectively reasonable basis.

First, the 10% annual interest on any unpaid wages that Defendant attributed to the amount in controversy is not counted towards the total because under the statute, the $75,000 is "exclusive of interest and costs," 28 U.S.C. § 1332, and Defendants' notice of removal repeats that same language in alleging an amount in controversy exceeding $75,000.

(*See* Notice of Removal ¶ 6.) Attorney's fees "may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract." *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012). Conn. Gen. Stat. § 31-68 provides only for recovery of "costs and such reasonable attorney's fees as *may* be allowed by the court." (emphasis added). The statute does *not* make attorney's fees recoverable "as a matter of right pursuant to statute," and "where attorney's fees are awarded to a successful litigant only at the court's discretion, the fee may not be considered in determining the amount in controversy," *see Pagano v. Ruby Tuesday, Inc.,* No. 3:16-CV-859(AWT), 2016 WL 9804410, at *2 (D. Conn. Aug. 25, 2016) (holding that attorney's fees under Conn. Gen. Stat. § 31-68 cannot be considered towards the amount in controversy for purposes of federal diversity jurisdiction because they are discretionary). Even if attorney's fees could be considered, fees cannot be aggregated any more than the claims, and so only the portion of the attorney's fees attributable to a single plaintiff could be considered towards calculating the amount in controversy. *Id.*[2]

As for Plaintiff's individual losses, Plaintiff claims that the ability to determine as a factual matter whether her estimated wage loss damages came close to the $75,000 limit has been with Defendants since the beginning of the litigation, as they had access to her employee hourly records as her employer. However, even giving Defendants every benefit of the doubt and assuming that such information was not readily ascertainable, their failure to engage in any basic calculations to reach a probable estimate of what Plaintiffs' damages might be undermines their claim of objective reasonability. If Defendants had calculated that Plaintiff worked as a server making $6.38 for a standard forty hour work week during all four months of the period she claims damages for, (*see* Complaint ¶¶ 4, 18), that amounts to

---

[2] The complaint alleges a putative class of around 40; even assuming an attorney's fee of $100,000, for example, Plaintiff would have only $2,500 of that amount attributed to her.

6

a gross amount of $4,083.20. Although Defendants maintain that discovery will be necessary to assess the actual wages paid to Plaintiff, they fail to explain how such discovery would bridge the gap or what multipler could be applied to get to a plausible claim of $75,000 or more in damages.

Finally, Defendants' theory that the amount in controversy for a single plaintiff can be estimated from the aggregated amount sought by the class is the same theory rejected in *Pinto,* where the court found that defendants failed to establish diversity jurisdiction where the class representative was seeking $100 million for himself and the class members, as well as punitive and treble damages because the defendant could point to no factual or legal basis for asserting that any one *particular* plaintiff had a claim in excess of $75,000. *Pinto*, 2003 WL 21297300 at *2. Here, even if the total amount of money the putative class seeks might be twice several hundred thousand dollars, there is no evidence whatsoever from the face of the complaint suggesting that Plaintiff Rzasa or any other class member is seeking to recover any amount equal to or above what the statute provides.[3]

In sum, Defendants "have presented no colorable basis upon which to conclude that [Plaintiff has] claims in excess of $75,000." *Pinto,* 2003 WL 21297300 at *2. The legal concepts articulated above are not novel, nor disputed, and provide no objectively reasonable basis for removal. *See Ins. Co. of State of Pa. v. Waterfield,* 371 F. Supp. 2d 146, 151 (D. Conn. 2005) (granting attorney's fees where the notice of removal was filed "without any reasonable basis for believing the amount in controversy at that time approached $75,000.00"); *see also Shamoun v. Peerless Importers, Inc.,* No. 03 CV 1227(NG), 2003 WL 21781954 at *4 (E.D.N.Y.2003) (finding that attorney's fees were warranted where the

---

[3] Defendants' representation that Plaintiff does not dispute that her individual claims are worth more than $75,000 is corrected in her reply, which estimates her damages as being around $4,000.

7

applicable case law made it clear that removal was improper). Defendants' filing of the removal and remand opposition has resulted in delay, and is particularly inexcusable where Plaintiff's counsel notified Defendants before filing the remand motion why he believed there were no grounds for removal, and continued to bring Defendants' attention to the legal deficiencies in their position throughout the briefing process. (*See* Pl.'s Reply at 8; Pl.'s Exh. 1.) As such, an award of attorney's fees is warranted.

The "starting point" for determining the amount of attorney's fees is the calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011). Both the Supreme Court and the Second Circuit have held that the lodestar is a "presumptively reasonable fee." *See Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). "To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. The next step is to determine the reasonableness of the hours expended by counsel. The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary." *Oriska Corp. v. Garden Care Ctr., Inc.*, No. 20-CV-6291-NGG-SJB, 2022 WL 2834940, at *3 (E.D.N.Y. July 20, 2022).

The hourly rates of the attorneys who worked on the motion and reply are listed in a chart submitted by Plaintiff's counsel, with the hourly rate of Attorney Richard Hayber listed as $500.00, the hourly rate of Attorney Michael Petela as $ 400.00, the hourly rate of Attorney Thomas J. Durkin as 300.00, and the hourly rate of paralegal Karen Dixon as $125.00. (Second Declaration of Richard Hayber [Doc. # 17-1] ¶ 34-35.) In light of the Court's experience with attorney hourly rates in this District, these rates are reasonable. The total hours claimed to have been spent on the original remand motion were 5.5, (Pl.'s Mem. at 7,) and the total hours

on the reply were 14.6, (Declaration of Richard Hayber [Doc. # 17-1]) for a total of 20.1 hours. Plaintiff's initial motion requested attorney's fees in the amount of $2,112.50; the attached declaration by Attorney Hayber affirmed that Attorney Petela spent 4.5 hours drafting the motion, Attorney Hayber spent .5 hours reviewing it and preparing it for filing, and his paralegal spent .5 hours proof reading and filing the motion. (Pl.'s Mem. at 7); (Declaration of Richard Hayber [Doc. # 12-1] ¶ 10.) Attorney Hayber has submitted another declaration with the reply briefing affirming that time entries are made contemporaneously and are accurate to the tenth of an hour, and submits that Attorney Hayber spent 8.3 additional hours on the motion, Attorney Petela spent 1.2 hours additional hours on the reply, Attorney Thomas J. Durkin spent an additional 3.8 hours on the reply, and paralegal Karen Dixon spent an additional 1.3 hours on the reply, bringing the total to $7,932.50 for both the motion and reply. (Second Declaration of Richard Hayber ¶¶ 34-35.)

One of Plaintiff's elements to prove reasonableness is a well-known requirement that the fee application be supported by "contemporaneous records" that describe with specificity "for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (citation omitted). The Second Declaration of Richard Hayber does not break down the chart by specific tasks billed by each attorney as "additional hours" and thus the Court cannot determine whether any of those hours are "excessive, redundant, or unnecessary." Plaintiff's lead counsel is an experienced employment attorney who should be well aware of the requirement for such specificity and detail in fee applications. However, in lieu of denying the fee application in its entirety or requiring further submission of records, the Court "exercise[s] its discretion and use[s] a percentage deduction" as a means of accounting for any excessive, duplicative or unnecessary work and reduces the fee award by 15%, deducting $1,189.88 and awarding Plaintiff's counsel $6,742.62. *Id.* at 150.

## III.     Conclusion

For the reasons set forth above, Plaintiff's motion to remand and for attorney's fees [Doc. # 11] is GRANTED with modification, and Defendants' counsel shall pay to Plaintiff's counsel attorney's fees of $6,742.62.

The Clerk is directed to remand this case to the Connecticut Superior Court for the Judicial District of Hartford.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of June, 2023